IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HENRY MICKLEONARD MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-178 |
| | ) | (Formerly CR 109-035 & CR 110-073) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Petitioner, an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed the above-captioned motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On March 3, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") in which he recommended that Petitioner's motion be denied without an evidentiary hearing, that the case be closed, and that a final judgment be entered in favor of Respondent. (Doc. no. 12.) Petitioner was also instructed that any objections to the R&R had to be filed no later than March 20, 2014. (Doc. no 13.) As no objections to the R&R were received by the deadline, the Court adopted the R&R on March 27, 2014, and denied a Certificate of Appealability ("COA"). (Doc. no. 14.)

On March 28, 2014, the Clerk's Office received and filed Petitioner's unsigned objections to the R&R.[1] Although the envelope is dated March 25, 2014, the unsigned

---

[1] Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented." Loc. R. 11.1 also requires that all papers presented for filing be signed by an attorney, or if a party is proceeding *pro se*, by the party.

document is dated March 20, 2014. (See doc. no. 17, p. 4.) Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's objections are deemed filed on the date of execution and delivery to prison officials for mailing. Although there is no signature attesting to the date of execution and delivery, in an abundance of caution, the Court will address Petitioner's objections to the R&R. Thus, the Court's March 27th Adoption Order is **VACATED**.

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 17). None of Petitioner's objections provide any reason to depart from the conclusions in the R&R. As a result, Petitioner's objections are **OVERRULED**. Accordingly the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's § 2255 motion is **DENIED** without an evidentiary hearing.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the R&R, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[2]"If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2

Upon the foregoing, a final judgment shall be **ENTERED** in favor of Respondent, and this civil action shall be **CLOSED**.

SO ORDERED this 3rd day of April, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA